FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 07 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
MICHAEL ORTIZ,

                Petitioner,

- against -

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

12 Civ. 5236 (BMC)

**COGAN**, District Judge.

    Petitioner *pro se* brings this petition for a writ of habeas corpus under 28 U.S.C. § 2255. He pled guilty on Friday, April 13, 2007, with a jury scheduled to be picked the following Monday, to the second and third counts of a six count indictment, and on August 7, 2008, he was sentenced to, *inter alia*, 152 months' custody. The Second Circuit granted petitioner's appellate counsel's motion to withdraw pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967), and dismissed his appeal in a mandate dated February 20, 2009. In this habeas corpus proceeding, petitioner asserts two arguments, *first*, that the Court should vacate his sentence as to the second count and sentence him in accordance with a prior plea offer that he had rejected, and *second*, that the Court should vacate his guilty plea to the third count because the indictment was facially defective.

    Additional facts will be set forth below as they relate to each of petitioner's points of error. Although both points appear untimely, petitioner will be given an opportunity to demonstrate whether equitable tolling is appropriate.

## I. Ineffective Assistance of Counsel

Petitioner's first claim relies entirely on the Supreme Court's recent decision in Missouri v. Frye, __ U.S. __, 132 S.Ct. 1399 (2012), in which the Court held that defense counsel is constitutionally ineffective if she does not communicate the terms of formal plea offers to the defendant. However, petitioner does not contend that his counsel failed to communicate a plea offer to him. To the contrary, he readily acknowledges that she did in fact communicate to him the first, more favorable plea offer, which he then rejected, only to plead to a less favorable agreement months later on the eve of trial. Petitioner's contention is that his counsel did not try hard enough to convince him to accept the first agreement the Government offered.

Petitioner notes that after he pled guilty, new counsel was appointed and he moved to withdraw his guilty plea because he felt rushed into it on the eve of trial (which motion was denied and not raised on appeal). In response to petitioner's motion to withdraw his plea, his prior counsel put in an affidavit stating that she in fact "strongly urged" him to enter into the less favorable plea agreement on the eve of trial because she believed he would in all likelihood be convicted and his sentence would be worse than if he accepted the second, albeit less favorable, plea offer. Petitioner implies that if his attorney had "strongly urged" him to enter into the first plea agreement, he would have accepted that agreement, and thereby received its more favorable terms. (Petitioner's attorney did not address her discussions with petitioner concerning the first plea agreement in her submission on the motion to withdraw his guilty plea because petitioner did not raise those discussions as a ground for vacating the plea.) However, petitioner points to no specific omissions or misstatements in his attorney's discussion of the first plea agreement with him, and indeed, he never alleges that she counseled him against his entering into the first, more favorable plea agreement. His contention is that in advising him to enter into the first plea

2

agreement, his attorney did not try hard enough to make petitioner appreciate "the benefits and consequences of the first plea agreement" and change his mind about going to trial.

From a timeliness perspective, petitioner acknowledges that he is beyond the one-year limitations period under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255(f)(1) ("AEDPA"), for seeking § 2255 relief. Petitioner's conviction became final on April 16, 2009, and this proceeding was not commenced until October 15, 2012. He contends, however, that Missouri v. Frye created a new constitutional right, and thus his petition, filed within one year of that decision, is timely. See 28 U.S.C. § 2255(f)(3) (allowing a § 2255 petition to be brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). See also Dodd v. United States, 545 U.S. 353, 125 S. Ct. 2478 (2005). There are two fatal flaws in petitioner's argument.

First, nearly every court to have addressed the issue has held that Frye did not create a new constitutional right to be applied retroactively to cases on collateral review; it merely applied Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), to a particular set of circumstances, i.e., the obligation of defense counsel to advise a defendant of plea offers. See Buenrostro v. United States, __F.3d__, 2012 WL 4784304 (9th Cir. Oct. 9, 2012); In re King, __F.3d__, 2012 WL 4498500 (5th Cir. Aug. 14, 2012); Hare v. United States, 688 F.3d 878 (7th Cir. 2012); In re Perez, 682 F.3d 930 (11th Cir. 2012); United States v. Vazquez, 5:10CR00021, 2012 WL 5194322 (W.D. Va. Oct. 19, 2012); United States v. Perez, No. 7:93-CR-26-01-F1, 2012 WL 5183570 (E.D.N.C. Oct 18, 2012); United States v. Evans, No. 8:09CR309, 2012 WL 5186002 (D. Neb Oct. 18, 2012); United States v. Moreno, Civil Action No. H-03-2714, 2012 WL 4845604 (S.D. Tex. Oct. 10, 2012); Turner v. Superintendent, No. 4:12-CV-51, 2012 WL

3

4794449 (N.D. Ind. Oct. 9, 2012); United States v. Wheaton, No. 08-cr-34, 2012 WL 4339457 (W.D. Wis. Sept. 21, 2012); United States v. Cooper, __ F. Supp. 2d __, 2012 WL 3860564 (D. Neb. Sept. 5, 2012); Gil v. United States, No. CV-F-11-2167, 2012 WL 3759075 (E.D. Cal. Aug. 29, 2012); Torres v. United States, No. 12-cv-777, 2012 WL 3647068 (S.D, Ill. Aug. 23, 2012); Cortes-Meza v. United States, No. 1:11-CV-2627, 2012 WL 4092484 (N.D. Ga. Aug. 15, 2012); Galloway v. United States, No. 3:12-cv-492, 2012 WL 3262437 (W.D.N.C. Aug. 9, 2012); Robertson v. United States, No. 7:10-cr-00054, 2012 WL 2930481 (W.D. Va. July 18, 2012); United States v. Gamboa-Victoria, No. 8:06-cr-465-T-24, 2012 WL 2829676 (M.D. Fla. July 10, 2012); Holle v. Sec'y, Dep't of Corr., No. 3:11cv436, 2012 WL 2885527 (N.D. Fla. June 27, 2012); Sakellaridis v. Warden, No. EDCV 12-000464, 2012 WL 2374562 (E.D. Cal. June 22, 2012); United States v. Tew, No. 7:08CR00053, 2012 WL 2236662 (W.D. Va. June 15, 2012). Cf. Berry v. United States, __ F. Supp. 2d __, 2012 WL 3329622 (E.D. Va. July 29, 2012) (concluding that Frye announced a new constitutional rule, but that the rule was not made retroactively applicable to cases on collateral review). Cf. Pham v. United States, No. 4:12-cv-240, 2012 WL 2130904 (N.D. Tex. June 12, 2012) (appearing to accept petitioner's argument that Frye created a new right but that right was not applicable to petitioner's claims); Clements v. Franklin, No. CIV-12-247, 2012 WL 2344430 (W.D. Okla. May 8, 2012) (same). I concur with the reasoning of the vast majority of courts that have considered this issue and hold that Frye did not create a new constitutional right that is retroactively applicable to cases on collateral review.

Second, petitioner's case does not fall within Frye. Frye involved an attorney's total failure to communicate a plea offer to a defendant. The Supreme Court never suggested a standard by which a reviewing court could determine whether a recommendation to plead to an

offer that a defendant then rejects was urged strongly enough to meet constitutional standards. Although one can, of course, envision a scenario where a defense attorney erroneously or incompletely describes the terms of a plea agreement as giving rise to a claim under Strickland, that is simply not the Frye case, and indeed, it is not even this case, as petitioner merely argues that his counsel should have tried harder to get him to accept the first plea offer. Petitioner therefore cannot use Frye to extend his one-year filing period, and the claim appears untimely.[1]

## II. Facial Invalidity of Count III

Petitioner asserts that Count III of his indictment actually combined two crimes: (1) possessing a firearm in furtherance of a drug trafficking crime; and (2) using and carrying the firearm in relation to the drug trafficking crime. Petitioner's argument is that these crimes are separate and had to be indicted in separate counts because the language "in furtherance" in the first part of the count is a distinct element from the "in relation to" element in the second part of the count.

I will not presently reach the merits of this claim because it appears untimely on its face. Obviously, petitioner's duplicitousness argument could have been raised at any time prior to petitioner's guilty plea, on appeal, or in a timely habeas corpus petition. Petitioner has offered no reason why he should be allowed to assert this claim outside the one-year limitations period in AEDPA. It may be that petitioner is asserting that since his first claim is timely under Frye, I can hear any other claims which, by themselves, would be untimely. However, since I am inclined to reject his argument under Frye, I need not reach that issue.

---

[1] Nor can petitioner use Frye's companion case, Lafler v. Cooper, __ U.S. __, 132 S. Ct. 1376 (2012), to extend the one-year filing period. Lafler involved a situation where it was uncontested that counsel offered ineffective assistance because he provided incorrect legal advice to the defendant and the defendant rejected a plea offer based on this advice. Here, there is no indication that petitioner's attorney provided incorrect legal advice, nor is it established that her assistance was ineffective. Moreover, Lafler did not create a new constitutional right; it only decided "how to apply Strickland's prejudice test where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial." Lafler, 132 S. Ct. at 1384.

### III. Equitable Tolling

AEDPA's one-year limitations period may be equitably tolled. See Holland v. Florida, __ U.S. __, 130 S. Ct. 2549 (2010). But "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way,' and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807 (2005)). See also Baldayaque v. United States, 338 F.3d 145 (2d Cir. 2003) (applying equitable tolling to a petition under § 2255).

It seems unlikely that petitioner has grounds for equitable tolling. His assertion of Frye as a ground for making his petition timely, albeit erroneously, shows that he is aware of his limitations problem, yet he has offered nothing beyond Frye to address it. Nevertheless, because petitioner has not had an opportunity to assert equitable tolling in response to this Court's rejection of Frye as a ground for making his petition timely, petitioner is granted twenty days from the date of this Order to demonstrate whether equitable tolling applies. In the absence of such a submission, the petition will be dismissed as untimely.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
November 5, 2012

6