UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

MICHAEL ORTIZ,

                Petitioner,

- against -

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

12 Civ. 5236 (BMC)

**COGAN**, District Judge.

Petitioner *pro se* commenced this proceeding for a writ of habeas corpus under 28 U.S.C. §2255 on October 15, 2012. Because his petition appeared untimely, he has been given an opportunity to demonstrate grounds for equitable tolling. His submission fails to demonstrate adequate grounds, and the petition is therefore dismissed as untimely.

The relevant dates from his criminal case are as follows. On Friday, April 13, 2007, petitioner pled guilty to counts two and three of a six count indictment, with a jury scheduled to be picked the following Monday. Petitioner was sentenced to, *inter alia*, 152 months in custody. On February 20, 2009, the Second Circuit granted petitioner's appellate counsel's motion to withdraw pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967), and dismissed his appeal.

In this habeas corpus proceeding, petitioner argues that the Court should vacate his sentence as to the second count and sentence him in accordance with a prior plea offer that he had rejected, and that the Court should vacate his guilty plea to the third count because the indictment was facially defective.

By Memorandum Decision and Order dated November 5, 2012 (the "Decision"), this Court, *inter alia*, ordered petitioner to show cause why his petition should not be denied as untimely. The Decision noted that petitioner's conviction had become final on April 16, 2009, and this proceeding was not commenced until October 15, 2012, well beyond the one-year limit prescribed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §2255(f)(l) ("AEDPA"). The Decision observed that petitioner was clearly aware of the one-year limitation when he filed his petition, as he had attempted to rely on <u>Missouri v. Frye</u>, __ U.S. ___, 132 S.Ct. 1399 (2012), as creating a "new constitutional right" that was retroactively applicable in order to make his petition timely. The Decision rejected that argument. The Court held that <u>Frye</u> did not apply retroactively to cases on collateral review and that, in any event, <u>Frye</u> did not apply to the facts of petitioner's case. The Decision did not reach the merits of petitioner's claim concerning the facial invalidity of the third count because the petition appeared untimely. Although the Decision noted that petitioner had not argued equitable tolling as an alternative, thus suggesting that he had no grounds for equitable tolling, the Court nevertheless afforded petitioner the opportunity to demonstrate that he had such grounds.[1]

Petitioner now asserts that when he was transferred from his prior correctional institution to his current institution, his "legal work" was not forwarded with him and may have been lost. Petitioner has requested an indefinite stay of the proceedings until such time, if ever, as he can find his "legal work." Alternatively, petitioner asserts the following grounds for equitable tolling: (a) he received an 8th grade education in Puerto Rico, where the instruction was in

---

[1] After he filed the petition, petitioner was transferred to a different correctional facility. Petitioner failed to advise the Court of his transfer and, thus, he did not receive the Decision. The Court, upon learning of the transfer independently, re-sent him the Decision and afforded him additional time to respond.

2

Spanish, and only began to learn English in the past 18 months[2]; (b) his court-appointed attorney on direct appeal, who, as the Decision notes, filed an Anders brief, never advised him of the pendency or status of the appeal[3], nor did the Clerk ever advise him of the Circuit's Mandate granting the Anders motion and dismissing the appeal; (c) from May 2009 through March 2011, petitioner was in a Special Management Unit Program at his facility which allowed him only one hour per day outside of his cell, and only limited access to legal materials, which were all in English; and (d) since learning of the issuance of the Mandate on direct appeal, he has exercised diligence by attempting to learn English and obtain his G.E.D. while his custody continues.

As to petitioner's request for an indefinite stay pending receipt of his legal papers, he has not demonstrated adequate grounds. The courts have repeatedly emphasized that equitable tolling, the only issue that I am presently considering, is fact-driven, based on the circumstances of each case. See Baldayaque v. United States, 338 F.3d 145, 150 (2d Cir. 2003). I am not suggesting that legal argument cannot be helpful in many cases, but petitioner's burden is to demonstrate the *factual* circumstances that can warrant equitable tolling. Petitioner has offered no explanation of how the loss of his "legal work" – which occurred years after petitioner's time to bring this petition had expired – would demonstrate such circumstances, nor can the Court conceive of a way in which it would. Every reason why petitioner might have been prevented from timely filing his petition is and has been known to him, and, indeed, he has offered those reasons in his alternative response to the Decision. Especially considering his *pro se* status, once

---

[2] This is not accurate. The record of the criminal case is consistent with my recollection that petitioner can speak, although not write, a good amount of his English. When he pled guilty, his attorney felt he was able to proceed in English, but the Government, in an abundance of caution, asked me to take the plea through a Spanish interpreter, which I did.

[3] Despite petitioner's claim that his Circuit-appointed attorney never advised him that she was filing an Anders brief, the Second Circuit docket reflects that she wrote him, in English and Spanish, that she was filing an Anders brief on November 10, 2008, the same day she filed the brief. See United States v. Ortiz, 08-4028-cr (2d Cir.), at dkt. entry 11/10/2008.

3

I am apprised of the facts that petitioner contends prevented him from timely filing, as I now have been, I would undertake the necessary review of the case law in considering whether petitioner had demonstrated adequate grounds for tolling.

I have done so, and conclude that equitable tolling is not available to petitioner. The standard for equitable tolling is exacting. Petitioner has the burden of showing that he is entitled to equitable tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005); Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001). This means he has to prove that (1) extraordinary circumstances prevented the timely filing of a petition for a writ of habeas corpus; and (2) he acted with reasonable diligence during the period he seeks to toll. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). The first criteria requires him to show "a causal relationship between the extraordinary circumstances on which his claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Baldayaque, 338 F.3d at 150 (quoting Hizbullahankhamon, 255 F.3d at 75 (2d Cir. 2001)). The Second Circuit has "[a]s a general matter . . . set a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011). As to diligence, the degree of diligence required to satisfy this standard "is not 'extreme diligence' or 'exceptional diligence,' it is *reasonable* diligence", which must be evaluated based on the facts of his situation. Baldayaque, 338 F.3d at 153 (emphasis in original).

All of the circumstances which petitioner offers as "extraordinary" have been considered and rejected by the courts – the fact that he is *pro se* and unfamiliar with the law, see Smith, 208 F.3d at 18; Ayala v. Miller, No. 03–cv–3289, 2004 WL 2126966, at *2 (E.D.N.Y. Sept. 24, 2004); his limited education, see Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002);

4

his limited access to legal research materials, see Corrigan v. Barbery, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005); his restricted confinement and transfer between facilities, see Lindo v. Lefever, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002); and his conclusory claim that he was not advised that the Second Circuit had issued its Mandate, cf. Thrower v. Laird, No. 06–cv–4864, 2006 WL 3735649, at *2 (S.D.N.Y. Dec. 14, 2006) (report and recommendation) (collecting cases where §2254 petitioners had not received final state court decision and equitable tolling was deemed inappropriate).

Not only, as these cases show, are the reasons for equitable tolling that petitioner offers ordinary rather than extraordinary, but the facts of petitioner's case show that equitable tolling would be particularly inappropriate here.

First, despite petitioner's claim that the circumstances of his custody until March 2011 eliminated his ability to file his petition, he wrote to the Court in his criminal case twice, in June and July of 2010, well after the Circuit had issued its Mandate on February 20, 2009, requesting an extension of time to file his §2255 petition. See United States v. Ortiz, No. 06 cr 382 (E.D.N.Y.), dkt. nos. 128-132. This Court denied his request pursuant to United States v. Leon, 203 F.3d 162 (2d Cir. 2000), and Green v. United States, 260 F.3d 78 (2d Cir. 2001), because he had offered no grounds for habeas relief and thus there was no pending proceeding in which his time could be extended. Moreover, in doing so, the Court advised him that he needed to submit his habeas petition as soon as possible as his conviction had already been final for more than a year, and he would need to rely on equitable tolling. These facts show that petitioner knew as of the summer of 2010 that the Second Circuit had issued its Mandate and that his time to file his §2255 petition was not only running, but had expired. Yet he did not file his petition until more than two years later.

5

These facts also show that petitioner was able, despite the conditions of his custody, to make filings with the Court. His ability to make these filings dissipates most of his other grounds for seeking equitable tolling because the claim he has ultimately raised in this proceeding – that if his lawyer had more strenuously urged him to accept the first plea agreement that he was offered, he would not have rejected it and felt compelled to accept the second, less favorable plea agreement on the eve of trial – is so straightforward. Petitioner knew at the time of his guilty plea that he was accepting a less favorable plea agreement than he had originally been offered,[4] so all his petition needed to do, if he felt he had not had effective assistance of counsel, was to file a petition that gave as many specifics of his conversations with his attorney on the first plea agreement as he could. This did not require an extraordinary, indeed any, amount of legal research; as noted above, equitable tolling turns far more on the facts known to petitioner than on hornbook law.[5]

Finally, even assuming, despite the preceding paragraph, that petitioner's restricted custody was an impediment to making court filings, and putting aside this Court's advice to him in July 2010 that he must file as soon as possible because his one-year period had already expired, petitioner's restricted custody, as noted above, ended in March 2011, and he did not file this proceeding until October 15, 2012. Under the case law cited above, this additional 20-month delay does not reflect adequate diligence to warrant equitable tolling, nor do petitioner's other circumstances excuse this lengthy delay. This is particularly true because in January 2011, petitioner requested from the Clerk of this Court, and was sent, a copy of the docket sheet in his

---

[4] Petitioner actually moved to vacate his plea prior to sentencing on the ground that he did not understand the plea agreement. This Court denied the motion based on his former attorney's affidavit of her discussion with him, the plea transcript, and the conclusory nature of petitioner's assertion.

[5] I am, of course, assuming the truth of the non-conclusory facts offered in the petition and petitioner's response to the Decision.

6

criminal case, and thus had confirmation of all of the dates concerning the Mandate and this Court's disposition of his requests for extension the preceding summer.

Petitioner therefore has failed to demonstrate grounds for equitable tolling.

## CONCLUSION

Accordingly, the motion for an indefinite stay [7] is denied and the petition is denied as untimely. The case is dismissed and the Clerk is directed to enter judgment accordingly. Because the petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
       January 24, 2013